RECEIVED

JUN 19 2002

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

JUN 19 2002

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| PROGRESSIVE STAMPING AND PLATING, INC. d/b/a HARDWARE RESOURCES, <br><br> Plaintiff, <br><br> vs. <br><br> KIMRICK, A PROPRIETORSHIP, <br><br> Defendant. | ) <br> ) <br> ) CV02-1301-S <br> ) Civil Action No. <br> ) <br> ) Judge JUDGE STAGG <br> ) <br> ) MAGISTRATE JUDGE PAYNE <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Progressive Stamping and Plating, Inc. (Progressive), by and through its attorneys and respectfully requests that the Court declare that the wooden pedestals herein, being a "useful article" are not entitled to copyright protection under Title 17 of the United States Code (The Copyright Act), or, in the alternative, that the wooden pedestals at issue in this matter are not original works of art and as such are not entitled to copyright protection under Title 17 of the United States Code (The Copyright Act). Plaintiff Progressive states as follows in support of its position :

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1. Jurisdiction and venue are proper in this Court.

2. Progressive is a Louisiana corporation with its primary place of business in Bossier City, Louisiana.

3. Upon information and belief, Kimrick is an unincorporated proprietorship registered to do business in Texas with its primary place of business in Fort Worth, Texas.

4. Upon information and belief, Kimrick conducts business in Louisiana.



5. Both Progressive and Kimrick are engaged in the business of manufacturing and selling decorative furniture components.

6. On May 30, 2002, Kimrick, through its attorney Michael Piper of the law firm Conley, Rose & Taylon, stated, in writing, that Progressive was selling "exact duplicates of Kimrick's GPR, GPEL, GPER and GPC," and that "Kimrick and its owners own the copyrights in such original works." Kimrick demanded that Progressive "immediately and forever cease and desist from further copying and distribution of Kimrick's Original Works," asserting that the "unauthorized copying of the articles incorporating Kimrick's original authorship, including any financial gain you (Progressive) may derive from sales of the unauthorized copies, constitutes copyright infringement and violation of other laws." EXHIBIT A

7. The items in question in this matter are wooden pedestals. EXHIBIT B

8. Upon information and belief, Kimrick has not registered the designs for the wooden pedestals at issue in this case, with the United States Copyright Office.

9. Title 17 of the United States Code regulates what items are subject to copyright.

## COUNT I

10. The Copyright Act, Title 17 of the United States Code, excludes from protection any item which my be classified as a "useful article." 17 U.S.C.A. Section 101

11. "A 'useful article' is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information. An article that is normal a part of a useful article is considered a 'useful article;" 17 U.S.C.A. Section 101

12. "Most pieces of furniture are 'useful articles.'" *Magnussen Furniture, Incorporated; Presidential Furniture (USA), Incorporated* v. *Collezione Europa USA, Incorporated*, 116 F.3d 472, 1997.

13. A cabinet is a piece of furniture and as such has an "intrinsic utilitarian function" and as such is a "useful article." Therefore, a pedestal, which is simply a part of the cabinet, is also considered a "useful article."

14. There is an exception to the general rule that a "useful article" is not entitled to copyright protection. In relevant part, The Copyright Act states that " the design of a useful article, as defined in this section, shall be considered a pictorial graphic or sculptural work only if, and only to the extent that, such design incorporate pictorial, graphic or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." 17 U.S.C.A. Section 101.

15. These wooden pedestals are not sculptural works that are capable of existing independently of the utilitarian aspects of the article. As such, the wooden pedestals at issue in this matter are "useful article(s)" not protected by The Copyright Act.

WHEREFORE, Progressive respectfully requests that this court declare that the wooden pedestals at issue herein are not items protected by The Copyright Act and award whatever other relief the Court deems appropriate in this cause.

## COUNT II

16. In the alternative, if the Court should find that wooden pedestals are items entitled to copyright protection, they are, nevertheless, not entitled to copyright protection because they are not "original works."

17. "Copyright protection subsists, in accordance with this title, in *original works* of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C.A. Section 102(a).

18. "Protection under this chapter shall not be available for a design that is - (1) not original; (2) staple or commonplace, such as a standard geometric figure, a familiar symbol, an emblem, or a motif, or another shape, pattern, or configuration which has become standard, common, prevalent, or ordinary; (3) different from a design excluded by paragraph (2) only in insignificant details or in elements which are variants commonly used in relevant trade; (4) dictated solely by a utilitarian function of that article that embodies it; or (5) embodied in a useful article that was made public by the designer or owner in the United States or foreign country more than two (2) years before the date of the application for registration under this chapter." 17 U.S.C.A. Section 1302.

19. The designs of the wooden pedestals at issue in this case are not original works. The designs of the wooden pedestals are commonplace in the cabinet manufacturing industry.

EXHIBIT C

WHEREFORE, Progressive respectfully requests that this court declare that wooden pedestals are not a item is protected by The Copyright and award whatever other relief the Court deems appropriate in this cause.

Respectfully submitted:

MCMICHAEL, MEDLIN & D'ANNA, L.L.C.

By: _____
James C. McMichael, Jr.
La Bar No. 10443
504 Texas St.
P.O. Box 72
Shreveport, LA 71161-0072
Phone: (318) 221-1004
Fax: (318) 221-0008

ATTORNEYS FOR PLAINTIFF
PROGRESSIVE STAMPING AND
PLATING, INC. d/b/a HARDWARE
RESOURCES

PLEASE SERVE:

Kimberlee Hornick
2350 Mistletoe Boulevard
Fort Worth, TX 76110

AND

Richard Hornick
2350 Mistletoe Boulevard
Fort Worth, TX 76110

RECEIVED

JUN 2 4 2002

## CONLEY, ROSE & TAYON
A Professional Corporation

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

| Austin Office | Dallas Office | Houston Office |
|---|---|---|
| The Chase Building | Granite Park One | Chase Tower |
| 700 Lavaca, Suite 800 | 5700 Granite Parkway, Suite 330 | 600 Travis, Suite 1800 |
| Austin, Texas 78701-3102 | Plano, Texas 75024-6616 | Houston, Texas 77002-2912 |
| (512) 476-1400 | (972) 731-2288 | (713) 238-8000 |
| Facsimile (512) 703-1250 | Facsimile (972) 731-2289 | Facsimile (713) 238-8008 |

INTELLECTUAL PROPERTY LAW
INCLUDING PATENTS, TRADEMARKS,
COPYRIGHTS AND UNFAIR COMPETITION

Writer's Direct Dial (972) 731-2284
email mpiper@crtlaw.com

May 30, 2002

5:02CV1301

**Via Facsimile (318) 742-9513**

Attn: Mark J. Lowe
Progressive Stamping and Plating, Inc./Hardware Resources
Bossier City, LA

    Re:    Copyright Infringement of Furniture Components

Dear Mr. Lowe:

    Our firm represents Kimrick, a manufacturer of a range of unique furniture components (including pedestals and feet) and wood trim (including radial end caps and posts). A number of these useful articles incorporate original sculptural authorship which can be identified separately from the articles' utilitarian aspects, providing copyrightable features in these products. Kimrick and its owners own the copyrights in such original works made by and on behalf of Kimrick.

    After sharing information and products with you under the letter agreement of January 4, 2002 in which Kimrick in good faith entered into negotiations for you to acquire the business, my client was very disappointed to see the catalog of your company Hardware Resources containing exact duplicates of Kimrick's GPR, GPEL, GPER, and GPC pedestals. Even more disturbing is that it appears almost certain that the pictures are taken from a set of Kimrick's own products. This has been further confirmed by noting precisely the same infringing items advertised for sale at www.hardwareresouces.com. You and your company are reproducing and selling direct copies of certain of Kimrick's products incorporating such copyrightable features, specifically:

GPR Pedestal
GPEL Pedestal
GPER Pedestal
GPC Pedestal
(collectively Kimrick's Original Works)

EXHIBIT A

Mark J. Lowe
May 30, 2002
Page 2

Your unauthorized copying of articles incorporating Kimrick's original authorship, including any financial gain you may derive from sales of the unauthorized copies, constitutes copyright infringement and violation of other laws. We hereby demand that you and your companies (including Hardware Resources and Progressive Stamping & Plating, Inc., collectively referred to as "Lowe") immediately and forever cease and desist from further copying and distribution of Kimrick's Original Works.

We would prefer to amicably and expeditiously resolve this matter. To arrive at suitable terms for such resolution, however, we will need the following information:

1. The number of units of PFC pedestals that Lowe has manufactured, distributed, or sold.

2. The number of units of PFL pedestals that Lowe has manufactured, distributed, or sold.

3. The number of units of PFR pedestals that Lowe has manufactured, distributed, or sold.

4. The number of units of PFM pedestals that Lowe has manufactured, distributed, or sold.

5. The identity of any distributor's or resellers to whom Lowe has provided such units.

6. An accounting of the total money received by Lowe for such units.

Additionally, we hereby demand that Lowe immediately comply with the following:

A. Desist from, directly or indirectly, reproducing, manufacturing, using, distributing, offering, marketing, selling, disposing of, transferring, displaying, advertising, reproducing, developing, licensing, leasing, or making derivative works based upon Kimrick's Original Works;

B. Destroy any remaining catalogs containing pictures of articles incorporating Kimrick's Original Works or reproductions of Kimrick's Original Works;

C. Take down any web pages containing pictures of articles incorporating Kimrick's Original Works or reproductions of Kimrick's Original Works; and,

D. Provide Kimrick any and all current unauthorized copies of articles incorporating Kimrick's Original Works in Lowe's possession, custody or control.

Please be advised that the Copyright Act of 1976 provides for injunctive relief and monetary damages against a copyright infringer. The Act permits a court to enjoin Lowe's infringement of

Mark J. Lowe
May 30, 2002
Page 3

copyrighted materials and to impound and destroy infringing articles. In addition, the Act provides for recovery of all actual damages suffered, along with the profits Lowe has earned as a result of infringement, and in some situations attorney's fees and costs. In some situations of willful infringement, and on the past history there is little question that Lowe's current acts are willful, the Act also provides statutory damages of up to $150,000 per infringement.

    We hope that this is in fact a misunderstanding and that you have not to date manufactured or sold any of these unauthorized copies of Kimrick's Original Works. Under such circumstances we may be willing to discuss alternatives for moving forward in a mutually beneficial manner with appropriate controls in place. We anticipate you will realize the severity of Lowe's unauthorized conduct and urge you to contact us by or before June 15, 2002 indicating willingness to comply with the foregoing. Lowe's failure to provide an adequate response within that period will force us to consider and act on our client's other legal alternatives.

                                  Sincerely,

                                  Conley, Rose & Tayon, P.C.

                                  Michael W. Piper

MWP/kai

Enclosure
c:    Kim Hornick, Kimrick

# Cabinet Leg



PC
Pedastal Foot Cover
6" x 6"
ASH, CH, MP, RW



PF
Pedastal Foot
6"
ASH, CH, MP, RW



PFR
Pedastal Foot Right
6" x 4"
ASH, CH, MP, RW



PFM
Pedastal Foot Middle
11 3/8" x 1 7/8"
ASH, CH, MP, RW

SPECIES CODE
ASH....Ash
CH.....Cherry
MP.....Maple
OK.....Oak
RW.....Rubberwood

**EXHIBIT B**



# MANOR WOOD SERVICES
21 West Main Street   Brookville, PA. 15825
Phone- 814-849-6857   Fax- 814-849-5199

June 7, 2002

Mr. Jim McMichael
Mc Michael, Medlin and Weir
PO Box 72
Shreveport, LA 71161

Dear Mr. Michael:

I have examined Hardware Resources part number PFC, PFL, PFR, and PFM. I am aware that Kimrick has made allegations that Hardware Resources copied their original work.

Based upon my 36 years of experience in the furniture and cabinetry industries, it my opinion that these items have been used in numerous cabinet and furniture works for centuries and do not constitute original art. I personally have seen this design (as exact as I can remember) during my time as owner of a company that restored and made reproductions of antique furniture for private collectors. I have also produced custom pieces based on this design for customers during that time. The bracket foot, as it is correctly called has been around as a design component of furniture since the 18th century in every conceivable variation from flat scrolled "rustic" to highly ornate Queen Ann and Georgian pieces. I just recently completed a similar bracket foot program for a kitchen cabinet company.

My credentials are listed below:

- Six years owner and operator of a company involved in the restoration and authentic reproduction of antique furniture.

- Twenty four years in various manufacturing, procurement, design and engineering management functions of a top 5 kitchen cabinet manufacturing company culminating as Vice President of Product Control.

- Two years as operations manager of a kitchen cabinet company with 8 million dollars a year in sales.

- Two years as a design and engineering to the cabinet, furniture and related industries

Sincerely,


Timothy J. Melillo

EXHIBIT C